(Court of Appeal, Parish of Orleans.)

# FRANK E. RAINOLD vs. J. T. MANN & COMPANY. (Inc.)

In order to escape liability for defects in work performed, the undertaker must prove the cause of the defects and that it was of such character as to relieve him from responsibility.

Appeal from the Civil District Court, Division "E."

W. C. McLeod, for plaintiff and appellee.

Chas. F. Fletchinger, defendant and appellant.

GODCHAUX, J.—Defendant contracted to "furnish lay and finish complete" in certain rooms in plaintiff's residence hardwood floors, "material to consist   *   *   *   of oak strips   *   *   *   2x 3/8, tongue and groove, laid plain, to be well nailed and pointed, scraped and sanded to a smooth surface, etc."

It is admitted that the floors as laid do not present a smooth surface but have "buckled," "cupped" or "warped," and that it is impossible to remedy this condition without taking up and relaying them with new material. Defendant refused to do this and plaintiff sues for the recovery of part of the price which he paid in advance during the course of construction and for certain damages which he suffered through the alleged imperfect performance of the contract, these damages consisting mainly in the cost of restoring the floors to their original condition. Plaintiff recovered below and the defendant has appealed.

The defendant has failed to establish the defense that the defects developed long after the completion and acceptance of the work, for it appears that complaint as to the defects was made during the progress of the work and moreover there is no proof that the work was ever accepted or tendered for acceptance.

Defendant seeks to escape liability on the further ground that it warned plaintiff in advance of the uncertainty of securing a smooth floor constructed of "tongue and groove" material. But that such admonition was given is not proved by a preponderance of the testimony, while the contract itself contains the express warranty of defendant to construct a smooth floor with material of that identical character. Moreover, it is by no means certain that the defect in the work should be attributed to the character of material and not to some other cause.

And in fact the record does not with any degree of certainty establish the real or actual cause of the "buckling" or "cupping." Plaintiff made out a **prima facie** right of recovery by proving that the floors had "cupped" etc., and did not present a "smooth surface" such as the contract prescribed; and it then devolved upon defendant in order to escape liability to prove with reasonable certainty that the cause of the defect was of such character as to excuse performance on its part. The witnesses for the respective parties confine their testimony on this point to the enunciation of various "theories" as to the cause of the trouble; and, in the absence of more positive information upon the subject, the Court is of the opinion that the probabilities of the case strongly support the view that the "cupping" was due to defendant's negligence in using and installing material that was not properly and sufficiently seasoned.

.The judgment appealed from is accordingly affirmed.

Judgment affirmed.

April 22, 1912.

Rehearing refused, May 27th, 1912.

June 2, 1912, Decree Supreme Court, Writ denied.